Dennis Olson
State Bar No. 15273500
OLSON NICOUD & GUECK, L.L.P.
10440 N Central Expwy., Suite 1100
Dallas, Texas 75231
(214) 979-7302 – Telephone (direct)
(214) 979-7301 – Facsimile
Email: denniso@dallas-law.com

ATTORNEYS FOR DEBTORS

IN UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 16-41533 |
| | § | |
| CHRISTOPHER ANTHONY PAYNE and | § | Chapter 11 |
| ALYCE RYGIEL PAYNE, | § | (Jointly Administered) |
| Debtors. | § | |

**DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION**

Christopher Anthony Payne and Alyce Rygiel Payne and The Law Office of Christopher A. Payne, PLLC, the debtors and debtors-in-possession (collectively, the "Debtors") in their respective chapter 11 cases hereby propose the following Joint Plan of Reorganization.

**SUMMARY**

This Plan provides that Debtors will continue to practice law and pay creditors from the business profits for the Term of the Plan, which is five years commencing on the Effective Date. See Section 8 "Means for Execution of the Plan" for more details.

**BACKGROUND**

Debtor Christopher Anthony Payne practices law and operates The Law Office of Christopher A. Payne. Debtor Alyce Rygiel Payne is the spouse of Christopher Anthony Payne, and she does not work outside their home.

**ARTICLE I**

**1. Definitions**

The following terms, when used in the Plan, shall, unless the context otherwise requires, have the following meanings:

    1.1.   "Administrative Expense" means an administrative expense which is entitled to priority pursuant to Section 507(a)(1) and allowed under Section 503(b) of the Bankruptcy Code,

including but not limited to: Debtors' attorneys fees and any administrative fees owed to the U.S. Trustee.

1.2. "Allowed Claim" means a Claim against the Debtors allowable under the Bankruptcy Code to the extent that: (a) a proof of such Claim or Interest was (i) timely filed or (ii) deemed filed pursuant to Section 1111(a) of the Code; and (b)(i) which is not a disputed Claim, or (ii) which is allowed but only to the extent allowed by a Final Order.

1.3. "Allowed Secured Claim" means a Claim against the Debtors that is both an Allowed Claim and a Claim secured by Property of the Estate. To the extent applicable, an Allowed Secured Claim shall also include amounts allowed under Bankruptcy Code § 506(b).

1.4. "Allowed Unsecured Claim" means all Allowed Claims which are other than Claims enumerated by Section 330, 503(b) and 507 of the Bankruptcy Code and Allowed Secured Claims.

1.5. "Assets" means Property of the Estate.

1.6. "Bankruptcy Code" means the United States Bankruptcy Code, Title 11 of the United States Code Section 101, et seq., as amended.

1.7. "Bar Date" is January 13, 2017, the deadline established by the Court, pursuant to Bankruptcy Rule 3003(c)(3), after which any proof of claim may not be timely filed.

1.8. "Claim" shall have the meaning set forth in Bankruptcy Code Section 101(5).

1.9. "Class" means any class into which Claims and interests are classified pursuant to Article III of the Plan. Each subclass of a class shall be treated as a separate class.

1.10. "Confirmation Date" means the date on which the Order confirming this Plan is entered.

1.11. "Confirmation Order" means the Order confirming this Plan.

1.12. "Contested Claim" means a Claim against the Debtors (a) that is listed in the Debtors' Schedules of Assets and Liabilities as disputed, contingent, or unliquidated; (b) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

1.13. "Debtors" means Christopher Anthony Payne and Alyce Rygiel Payne and The Law Office of Christopher A. Payne, PLLC.

1.14. "Effective Date" means the first business day after the Confirmation Order becomes a Final Order.

1.15. "Final Order" means an Order as to which any appeal that has been taken has not

been stayed following the expiration of the time for appeal or has been resolved, or as to which the time for appeal has expired.

1.16. "Impaired" when used with reference to a Claim or Interest, means a Claim or Interest that is impaired within the meaning of §1124 of the Bankruptcy Code.

1.17. "Order" means an Order of the Bankruptcy Court.

1.18. "Petition Date" means August 30, 2016.

1.19. "Plan" means this Chapter 11 Plan of Reorganization of the Debtors, including any amendments, modifications or corrections made thereto pursuant to the Bankruptcy Code as confirmed by the Bankruptcy Court.

1.20. "Property of the Estate" means all property in which the Debtors hold a legal or an equitable interest, including all property described in the Bankruptcy Code Section 541.

1.21. "Reorganized Debtors" means the Debtors immediately following the Confirmation as reorganized in accordance with the Plan.

1.22. "Secured Claim" means a claim secured by Property of the Estate, and the Claim includes principal, interest and attorney's fees and expenses up to the value of the Property of the Estate.

1.23. "Substantial Consummation" means the date the first distribution payment is made pursuant to the Plan.

1.24. "Term of the Plan" means five years, commencing on the Effective Date.

1.25. "Unimpaired Claim" means a Claim that is not an Impaired Claim.

## ARTICLE II

### 2. Certain General Terms and Conditions

The following general terms and conditions apply to the Plan:

2.1. Claims. Various Classes of Claims are defined in this Plan. This Plan is intended to deal with all Claims against the Debtors of whatever character, whether or not contingent or liquidated, and whether or not allowed by the Court pursuant to §502(a) of the Bankruptcy Code. However, only those Claims allowed pursuant to §502(a) of the Bankruptcy Code will be entitled to receive payment under the Plan.

2.2. Changes to the Plan .

    2.2.1.  <u>Modification before confirmation following notice.</u>  Pursuant to Bankruptcy Rule 3019, upon application of the Debtors or a party in interest the Plan may be amended or modified after notice to any affected parties.

    2.2.2.  <u>Correction prior to Confirmation, without notice.</u> Minor changes or corrections to the Plan may be made without notice or hearing, and without an additional Disclosure Statement; provided that the Court finds that such modification does not materially or adversely affect any creditor or class of creditors or other parties in interest.

    2.2.3.  <u>Modification after Confirmation</u>.  After Confirmation, the Debtors may remedy any defects or omissions or reconcile any inconsistencies in this Plan or in the Final Order in such a manner as may be necessary to carry out the purpose and intent of this Plan so long as the interests of Claimants or Interest holders are not materially and adversely affected. Otherwise, after Confirmation the Plan may be modified by the Court upon request of the Reorganized Debtors pursuant to Section 1127(b) of the Bankruptcy Code.

    2.3.  <u>Effect of Being Scheduled as a Creditor.</u>  The list of creditors filed in these proceedings by the Debtors shall constitute the filing of a Claim by each creditor which is not listed as disputed, contingent or unliquidated as to amount, but the Debtors reserve the right to object to any such Claim where it appears that the amount scheduled by the Debtors is improper or where there is some dispute with regard to that Claim.

    2.4.  <u>Automatic Stay</u>.  The automatic stay provided for by §362 of the Bankruptcy Code shall remain in effect until the Plan has been fully consummated, unless expressly waived herein, or modified by an Order.

## ARTICLE III

### 3.  <u>Classification of Claims and Interests</u>

The Debtors designate the following Classes of Claims and Interests pursuant to § 1123 of the Bankruptcy Code.

    3.1.  **Class 1 Claims. (Administrative Expense Claims).**  All Claims entitled to administrative expense status pursuant to Bankruptcy Code § 503(b).

    3.2.  **Class 2 Claims (Secured claims of property taxing authorities).**  Class 2 claims consist of the Allowed Secured Claims of property taxing entities.

    3.3.  **Class 3 Claims (Claims of the Internal Revenue Service)**.  Class 3 consists of the claims filed by the Internal Revenue Service.

    3.4  **Class 4 Claims (Secured Claim of Wells Fargo).**  Class 4 consists of the secured claim of Wells Fargo.

    3.5.  **Class 5 Claims (Secured Claim of AmeriCredit).**  Class 5 consists of the secured claim of AmeriCredit.

3.6. **Class 6 Claims (Claim of States Resources Corp.).** Class 6 consists of the secured claim of States Resources Corp.

3.7. **Class 7 Claims.** Class 7 consists of undisputed general unsecured claims, including deficiency claims of undersecured creditors.

3.8. **Class 8 Claims.** Class 8 consists of disputed general unsecured claims, numbered 11 through 15 in the individual Debtors' case and number 10 in the law firm case.

## ARTICLE IV

### 4. Treatment of Claims Under the Plan

The Claims and Interests classified in Article III under the Plan shall be treated as follows:

4.1   **Class 1**: unimpaired and treated under Article V.

4.2   **Classes 2 through 7:** All Allowed Claims in Classes 2 through 8 will be paid in accordance with Article VIII below.

## ARTICLE V

### 5.   Determination, Allowance and Payment of Administrative Expense Claims

5.1.   Administrative Claims, Including Fee Claims and Administrative Tax Claims. The holder of any Administrative Expense Claims other than (i) a fee claim or, (ii) a liability incurred and paid in the ordinary course of business by the Debtors, must file with the Bankruptcy Court and serve on the Debtors, its counsel, notice of such Administrative Claim no later than two days prior to the hearing on confirmation of the Plan. At a minimum, such notice must identify (i) the name of the holder of such Claim, (ii) the amount of such Claim, and (iii) the basis of such Claim. Failure to file this notice timely and properly shall result in the Administrative Claim being forever barred and discharged.

5.2.   Professional Fees. Each Person asserting an Administrative Claim for professional fees incurred before the Effective Date shall be required to file with the Bankruptcy Court, and serve on Debtors' counsel, the U.S. Trustee and Committee, an application within 60 days after the Effective Date. Failure to file a fee application shall result in such claim being forever barred and discharged.

5.3.   Each holder of an Allowed Claim for an Administrative Expense shall receive, at the Debtors' option, (i) the amount of such holder's Allowed Claim in one payment on the later of the Effective Date or the eleventh Business Day after such Claim becomes an Allowed Claim; (ii) the amount of such holder's Allowed Claim in accordance with the ordinary business terms of such expense or cost (e.g., on the date such debt is or becomes finally due); or (iii) such other treatment

to which the holder of such Administrative Claim and the Debtors may agree in writing. Such holders may not vote on the Plan.

## ARTICLE VI

### 6. Treatment of Executory Contracts and Unexpired Leases

6.1. Debtors believe that the only executory contracts in this case are the unexpired car lease and of the law firm premises, and those leases are current, not in default, and expressly assumed in this plan with the written consent of the lessors.

## ARTICLE VII

### 7. General Powers of the Reorganized Debtors

7.1. General Powers. Following Confirmation the Debtors shall have all powers and duties provided for in this Plan and, subject to the provisions of the Plan, to hold, manage, and distribute the property of the Reorganized Debtors in satisfaction of Claims that become Allowed Claims after the Effective Date. These powers include the prosecution of claims and causes of action.

## ARTICLE VIII

### 8. Means for Execution of the Plan

8.1 Practice of Law and Operation of The Law Office of Christopher A. Payne, PLLC. Following Confirmation the Debtors will pay the claims from net profits over a Term of 5 years commencing on the Effective Date, with payments paid at least quarterly, as follows:

Class 1 claims will be paid in full in accordance with 5.3 of the Plan.

Class 2 claims will be paid in full pro rated monthly payments over the term of the Plan.

Class 3 claims of the IRS, per its amended proof of claim, are treated as follows:

    Secured claim of $93,593.29, to be paid at the rate of $1,798.94 per month, commencing on December 1, 2017, and a like amount on the first day of each month thereafter until paid in full, with interest at the rate of 4%, with its liens retained until the secured claim is paid in full;

    Priority claim of $102,326.46, to be paid at the rate of $1,966.69 per month, commencing on December 1, 2017, and a like amount on the first day of each month thereafter until paid in full, with interest at the rate of 4%, and its pre-petition right of offset is retained until the priority claim is paid in full; and

    Unsecured claim of $32,625.72, to be paid as an allowed claim in Class 7.

Failure on the part of the Debtors to pay fully when due any payment required to be made in respect of the Plan Debt shall constitute an event of default under the Plan, and due to the size and ongoing nature of the IRS's claim, upon a default under the Plan, the administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal (or state) tax lien and the powers of levy, seizure, and as provided under the Internal Revenue Code.   As to the IRS:

(A) If the Debtor or its successor in interest fails to make any plan payment, or deposits of any currently accruing employment or sales tax liability; or fails to make payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or if the Debtor or its successor in interest failed to file any required federal or state tax return by the due date of such return, then the United States may declare that the Debtor is in default of the Plan.  Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or Debtor is in default.

(B) If the United States declares the Debtor or the successor in interest to be in default of the Debtor's obligations under the Plan, then the automatic stay provided under 11 U.S.C. 362 shall lift without further notice by the Court and the entire imposed liability, together with any unpaid current liabilities, may become due and payable immediately upon written demand to the Debtor or the successor in interest.

(C) If full payment is not made within 14 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code.  The IRS shall only be required to send two notices of default, and upon the third event of Default the IRS may proceed to collect on all amounts owed without recourse to the Bankruptcy Court and without further notice to the Debtor.  The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan.  All payments will be sent to: /IRS, 1100 Commerce Street, Mail Code **5024** DAL, Dallas, Texas 75242, attn: Lorraine Washington.

(D) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor to the IRS.  The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor to the Internal Revenue Service; but the Internal Revenue Service shall not take action to actually collect from such persons unless and until there is a default under the Plan and as set forth above.

The Class 4 claim of Wells Fargo will be paid monthly in accordance with the terms of the original note and deed of trust.

The Class 5 claim of AmeriCredit will be paid in accordance with the terms of the original note and security agreement.

The Class 6 claim of States Resources Corp. will be paid from collection of contingent fees securing the secured claim of States Resources Corp., as the fees are collected. Until such time as States Resources is paid in full:

- All contingent fees received by the Debtors will be held in trust by the Debtors for the benefit of States Resources, and its portion disbursed to States Resources within ten (10) days of receipt, together with an accounting of such funds; and

- Quarterly, on the 15th day of each January, April, July and October, the Debtors shall disclose to States Resources Corp. in writing, with respect to each contingency fee case:

   a. Style of lawsuit, including party names, case number and court where pending;

   b. Nature of the claim (i.e. personal injury, etc.);

   c. Amount of damages sought;

   d. Fee structure (i.e. contingency fee percentage, fee splitting, reimbursement, etc.) and

   e. Status, including whether mediation has occurred or is scheduled, trial date, post-trial steps, etc.

   All payments and disclosures to States Resources Corp. will be made to Palmer & Manuel, LLP, Attn. Martin J. Lehman, 8350 N. Central Expressway, Suite 1111, Dallas, Texas 75206.

Class 7 claims will be paid in quarterly payments, pro rata with the quarterly payments paid to the Allowed Claims in Class 8, if any.

Class 8 Allowed Claims, if any, will be paid in quarterly payments, pro rata with the Allowed Claims in Class 7.

8.2.    Source of Plan Funds. The source of funds and/or property for all distributions or conveyances to be made under the Plan shall be the net profits generated through the operation of The Law Office of Christopher A. Payne, PLLC and the practice of law by Christopher Anthony Payne, including all contingent fees collected during the Term of the Plan. The United States Trustee will receive both a copy of each quarterly written status report prepared and sent to the Class 6 creditor concerning the Debtors' interest in all contingent fee cases, and also a copy of each disbursement and accounting for each contingent fee received during the Term of the Plan.

**DEBTORS' FIRST AMENDED PLAN OF REORGANIZATION**                                      **Page 8 of 14**

8.3 <u>Disbursement of Plan Funds.</u> The Debtors shall disburse all funds required to be disbursed under the Plan of Reorganization. The Debtor PLLC shall pay its creditors and the creditors whose claims are against the firm and Christopher Anthony Payne, and pay compensation to the individual Debtor to pay the creditors of the individual Debtors who have no claim against the PLLC.

8.4 <u>Provisions Governing Distributions.</u>

8.4.1 All payments under this Plan shall be made by the Reorganized Debtors. Any payment or distribution by the Reorganized Debtors pursuant to the Plan, to the extent delivered by the U.S. Mail, shall be deemed made when deposited into the U.S. Mail.

8.4.2 Distributions and deliveries to holders of Allowed Claims shall be made at the addresses set forth on the proofs of Claim or proofs of interest filed by such holders (or at the last known addresses of such holders if no proof of Claim or proof of interest is filed.) All claims for undeliverable distributions shall be made on or before the second anniversary of the Effective Date. After such date, all undeliverable distributions shall revert to the Estate for distribution to others holding Allowed Claims pursuant to the Plan, and the Claim of any other holder with respect to such undeliverable distributions shall be discharged and forever barred.

8.4.3 Checks issued by the Reorganized Debtors in respect to Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of delivery thereof. Requests for reissuance of any check shall be made directly to the Reorganized Debtors by the holder of the Allowed Claim to whom such check was originally issued. Any claim in respect to such a voided check shall be made within ninety (90) days after the date of delivery of such check. After such date, all Claims in respect to void checks shall be discharged and forever barred, and the amount of such check shall become unclaimed property and returned to the Reorganized Debtors for distribution to others holding Allowed Claims.

8.5 <u>Post Confirmation Costs and Fees.</u> All costs and fees incurred after confirmation and the implementation of the Plan, and the determination of claims, and the enforcement of the obligations and rights of the estate, and appeals, if any, shall not be subject to Bankruptcy Court review, except for the United States Trustee's fees governed by Article X below.

## ARTICLE IX

### 9. **Additional Provisions Applicable to All Claims**

9.1 <u>Contested Claims.</u> Notwithstanding any other provisions of this Plan specifying a date or time for the payment or distribution of consideration hereunder, payments and distributions in respect of any Claim which at such date or time is disputed, unliquidated or contingent shall be reserved and shall not be made until such Claim becomes an Allowed Claim, whereupon such payments and distributions shall be made promptly. If the Court determines that a claim should

not be an Allowed Claim any amounts reserved for payment of such Disputed Claim will revert to the Debtors for disposition in accordance with this Plan.

      9.2    <u>Prepayment.</u>   The Debtors reserves the right to pay any and all classes of Claims in advance of the distribution date(s) on a pro-rata basis without penalty or future interest, if any.

      9.3    No interest shall be paid on any Claims unless, and only to the extent that, the Plan or the Order on an Allowed Claim specifically provides otherwise.

## ARTICLE X

### 10. Payment of United States Trustees Fees

      10.1    All fees due to the United States Trustee pursuant to 28 U.S.C. §1930(a)(6) will be paid in full on the Effective Date of the Plan. Additionally, Debtors and the Reorganized Debtors are both obligated to timely pay all quarterly fees owed under §1930 and to file all quarterly reports from the petition date until the cases are closed.

## ARTICLE XI

### 11. Provisions for the Settlement, or Adjustment of Claims

      11.1    <u>Objections to Prepetition Claims.</u>   Objections to the allowance of Claims for prepetition debts must be filed by thirty (30) days after the Effective Date.

      11.2    All Contested Claims shall be litigated to Final Order; provided, however, that the Reorganized Debtors may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court.

      11.3    No distributions under this Plan shall be made to the holder of a Claim that is in dispute, unless and until such Claim becomes an Allowed Claim.

## ARTICLE XII

### 12. Discharge of Debtors and Effect of Confirmation

      12.1.    <u>Discharge and Release.</u>   Except as otherwise provided for by this Plan and the documents that implement the Plan, pursuant to Bankruptcy Code Section 1141, confirmation of the Plan shall enjoin all Claimants from collecting any Claim against or continuing or prosecuting any litigation directly or indirectly involving the Debtors for any debt that arose before the Confirmation Date, and any debt of a kind specified in Bankruptcy Code Sections 502(g), 502(h) and 502(i), whether or not:

    (A)    a proof of Claim based on such debt is filed or deemed filed pursuant to Bankruptcy Code Section 501;

    (B)    such Claim is Allowed pursuant to Bankruptcy Code Section 502; or

    (C)    the holder of such Claim has accepted the Plan;

however, because two of the Debtors are individuals, the individual Debtors will not receive a discharge until they complete all payments under the plan or otherwise obtain discharge in accordance with Bankruptcy Code Section 1141(d)(5).

    12.2.   <u>Legal Binding Effect; Discharge of Claims and Interests.</u>  The provisions of this Plan shall (i) bind the Debtors, the Reorganized Debtors, and all creditors and interest holders, whether or not they accept this Plan, and (ii) discharge the Debtors from all debts that arose before the Confirmation Date except as otherwise provided in this Plan.

    12.3   <u>Permanent Injunction.</u>  The entry of the Debtors' Discharge shall result in the issuance of a permanent injunction against the commencement or continuation of any judicial, administrative or other action against the Debtors or the employment of process against the Debtors with respect to any Debt or Claim or Interest discharged and/or extinguished under the Plan.

## ARTICLE XIII

### 13.   <u>Events of Default</u>

    13.1.   Failure by Debtors to comply with terms of any agreements incorporated in the terms of this Plan shall constitute an event of default under the Plan.

    13.2.   The failure on the part of the Debtors to pay fully when due, any payment required to be made in respect of the Plan shall constitute an event of default under the Plan.

    13.3.   <u>Rights Upon Default.</u>  If an event of default under either 13.1 or 13.2, occurs and continues without cure, each Claimant in each Class as yet not fully satisfied under this Plan, as of the date of such default, may declare the unpaid portion of the Plan debt due and payable upon fourteen (14) days notice to Debtors' counsel and the Debtors in which case the Plan debt shall, unless cured before the end of such period, then be immediately due and payable.

    13.4.   <u>Conversion to Chapter 7.</u>  In addition to the rights upon default contained in 13.3, each Claimant in each Class as yet not fully satisfied under the Plan, and the United States Trustee, may move to convert the Debtors' cases to Chapter 7. If, after notice and hearing, conversion to Chapter 7 is ordered for one or both of the cases, the property revested upon confirmation by 15.1, plus any property acquired post-confirmation, shall be property of the Chapter 7 estate.

## ARTICLE XIV

## 14. Miscellaneous Provisions

14.1    Request for Relief Under Bankruptcy Code Section 1129(b).  In the event any Impaired Class shall fail to accept this Plan in accordance with Bankruptcy Code Section 1129(a), the Debtors reserves the right to, and does hereby request the Bankruptcy Court to confirm the Plan in accordance with Bankruptcy Code Section 1129(b).

14.2    Revocation.  The Debtors reserves the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.

14.3    Effect of Withdrawal or Revocation.  If the Debtors revokes or withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void.  In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtors or any other person or to prejudice in any manner the rights of the Debtors or any person in any further proceedings involving the Debtors.

14.4    Entire Agreement.  This Plan, as described herein, the Confirmation Order, and all other documents and instruments to effectuate this Plan provided for herein, constitute the entire agreement and understanding among the parties hereto relating to the subject matter hereof and supersedes all prior discussions and documents.

14.5    Governing Law.  Unless a rule of law or procedure supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) is applicable, or a specific choice of law provision is provided, the internal laws of the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, without regard to conflicts of laws.

## ARTICLE XV

## 15. Revestment of Title

15.1.    Except as provided in the Plan or in the Confirmation Order, on the Effective Date, the Debtors shall be vested with all the property of the estate free and clear of all claims, liens, charges and other interests of Creditors arising prior to the filing date, other than the liens created or preserved under the terms of this Plan.

## ARTICLE XVI

### 16. Retention of Jurisdiction

16.1. The Bankruptcy Court shall retain full jurisdiction as provided in 28 U.S.C. §1334 jurisdiction over this Chapter 11 Case after Confirmation, notwithstanding Consummation or substantial Consummation to enforce the provisions, purposes, and intent of this Plan including, without limitation, the authority to:

(a)  Consider any modification of the Plan under §1127 of the Code and/or any modification of the Plan after a substantial consummation as defined in §1101(2) of the Code;

(b)  Hear and determine controversies, suits and disputes between the Debtors and any Creditors that may arise in connection with the interpretation or enforcement of the Plan;

(c)  Hear and determine all requests for compensation and/or reimbursement of expenses for the period commencing on the Petition Date through the Confirmation Date;

(d)  Classify, allow or disallow Claims and direct distribution of the funds under the Plan, and to hear and determine all objections to Claims, controversies, suits and disputes that may be pending at Confirmation;

(e)  Hear and determine all adversary proceedings still pending and not dismissed, or which are hereinafter filed to determine disputed matters not disposed of by the Plan, but which relate to the Plan;

(f)  Hear and determine any and all applications, adversary proceedings and other matters arising out of, or related to, the Plan, including but not limited to, actions under §§542, 543, 544, 547, 548, 549, 550 of the Code;

(g)  Make such orders as are necessary or appropriate to carry out the provisions of the Plan; and

(h)  Enter a discharge and a final decree closing this Chapter 11 case.

DATED:   October 30, 2017

                                                   By: /s/ *Christopher Anthony Payne*
                                                       Christopher Anthony Payne

                                                       */s/ Alyce Rygiel Payne*
                                                       Alyce Rygiel Payne


                                                       The Law Office of Christopher A. Payne, PLLC

                                                   By:  /s/ *Christopher A. Payne*
                                                         Christopher A. Payne,
                                                         Member/Manager/Director